NOT FOR PUBLICATION

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

```
AKEEM GUMBS,                   :    CIV. NO. 20-7944 (RMB)
                               :
          Petitioner           :
                               :
     v.                        :    MEMORANDUM AND ORDER
                               :
WARDEN DAVID ORTIZ,            :
                               :
          Respondent           :
```

BUMB, District Judge

Petitioner Akeem Gumbs, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking dismissal of what appears to be an inactive case in the District Court of the Virgin Islands, Action No. 3:11-MJ-00031. (Pet., Dkt. No. 1.) Petitioner characterizes his request as a pre-trial motion. Petitioner has now submitted an application to proceed *in forma pauperis* but he did not submit the certified inmate trust account statement required by 28 U.S.C. § 1915(a)(2). (IFP App., Dkt. No. 4.) Instead, Petitioner alleges that an official refused to sign the certification.

Before the Court will accept Petitioner's allegation that an official refused to provide a certified trust account statement, Petitioner must submit an affidavit to the Court stating the name of the prison official whom he asked to provide a certified copy

of his inmate trust account statement, when he made the request, and what the prison official said or did in response to the request.

Petitioner should also be advised that upon payment of the filing fee or if the Court grants Petitioner's request for IFP status, the Court must screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 cases under Rule 1, scope of the Rules. Pursuant to Rule 4, the Court would dismiss this action because federal habeas corpus does not lie to challenge federal criminal charges that have not resulted in the petitioner's custody under the authority of the United States. See generally 28 U.S.C. § 2241(c)(3).

**IT IS** on this **22nd day of July 2020**,

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the petition; Petitioner is informed that administrative termination is not a "dismissal"; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank form "Affidavit of Poverty and Certification (HABEAS CORPUS)" DNJ-Pro Se-007-B-(Rev. 09/09); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include

either (1) a complete, signed *in forma pauperis* application or (2) the $5.00 filing fee or (3) an affidavit concerning Petitioner's request for a certified copy of his inmate trust account statement; and it is further

**ORDERED** that upon receipt of such writing from Petitioner within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case, subject to screening and possible dismissal under Habeas Rule 4; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

3